David BRIDGER, Jr. *v.* STATE of Arkansas

CR 78-153                                        575 S.W. 2d 155

Opinion delivered January 8, 1979
(Division I)

Appellant, *pro se.*

*Bill Clinton*, Atty. Gen., by: *Jesse L. Kearney*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant Bridger was convicted in the Clarksville municipal court of driving while under the influence of intoxicants. On appeal to the circuit court he was again found guilty. This is the second appeal to this court, both appeals having been conducted *pro se* by Bridger, who is not a lawyer. On the first appeal, in an unpublished opinion, we reversed the judgment because of an error in the admission of evidence and remanded the case for further proceedings.

After the remand the circuit clerk, by a letter dated April 20, 1978, notified Bridger that the case would be heard at 9:00 a.m. on May 17, 1978. On that date Bridger failed to appear in court. The State called the circuit clerk as a witness, who testified that the notice had been sent to Bridger by mail and that the letter had not been returned. The court found that Bridger had wilfully failed to appear, directed that his bond be forfeited, and reinstated the judgment of the municipal court. The circuit court's judgment was entered on May 31. Bridger, without seeking relief in the trial court, filed his notice of appeal on June 27. In his five-sentence *pro se* brief in this court Bridger states that he did not receive personal or constructive notice of the hearing and that as a result of that omission the order of dismissal has deprived him of due process of law and equal protection.

When, as here, the trial court has acquired jurisdiction of the defendant, it is customary and proper for notice of the trial date to be given by mail. If Bridger did not receive notice of the date of trial he could have filed an application for relief in the trial court within the time allowed for the filing of a notice of appeal. Ark. Stat. Ann. § 43-2704 (Repl. 1977) Evidence could have been heard, and relief could have been granted if proper. Instead, Bridger (who, as we have said, is not an attorney) elected to file only a notice of appeal. According to the record, judgment was properly entered upon his failure to appear for trial. Of course, the record cannot be

contradicted or supplemented by statements made in the briefs. Owing to Bridger's failure to pursue his available remedy in the trial court he is not entitled to relief here.

Affirmed.

We agree. HARRIS, C.J., and BYRD and PURTLE, JJ.