Larry Leroy BICE and Jackie Bice *v.* HARTFORD
ACCIDENT & INDEMNITY COMPANY

89-96                                          777 S.W.2d 213

Supreme Court of Arkansas
Opinion delivered October 9, 1989

*Gerald Carlyle* and *H. David Blair*, for appellants.

*Walker, Snellgrove, Laser & Langley*, by: *David N. Laser* and *Todd Williams*, for appellee.

JACK HOLT, JR., Chief Justice. While working at a grain elevator facility, the appellant, Larry Bice, suffered a severe injury to his left leg which ultimately resulted in a below-the-knee amputation. At the time of Bice's injury, the grain elevator facility was owned by R.D. Wilmans & Sons, Inc. (Wilmans) and leased to KSH, Inc., Bice's employer.

The appellee, Hartford Accident & Indemnity Company (Hartford) provided comprehensive general liability insurance coverage for Wilmans's various holdings, including the grain storage elevator facility where Bice was injured, from March 8, 1979, through May 29, 1981. Bice was injured on March 2, 1982, after the termination of Hartford's coverage.

Prior to trial, all other defendants in this case were dismissed with the exception of Hartford. Bice alleges that in October 1980, in connection with Wilmans's comprehensive general liability policy, Hartford negligently performed an inspection of the grain elevator facility pursuant to its loss control services program and that, as a result, Hartford is responsibile to him for damages.

The trial court directed a verdict in favor of Hartford at the close of Bice's case on the basis that Hartford did not owe a duty to Bice. On appeal, Bice contends that the trial court erred in this regard and also erred by excluding from evidence Hartford's

publications defining its loss control services. We find that the trial court did not err on either point and affirm the judgment.

In determining the correctness of the trial court's action concerning a motion for a directed verdict by either party, we view the evidence that is most favorable to the party against whom the verdict is sought and give it the highest probative value, taking into account all reasonable inferences deducible from it. Consequently, a motion for directed verdict should be granted only if the evidence so viewed would be so insubstantial as to require a jury verdict for the party to be set aside. *Mechanics Lumber Co. v. Smith,* 296 Ark. 285, 752 S.W.2d 763 (1988).

Bice contends there is sufficient proof from which the jury could have found Hartford to have been negligent in discharge of its duty of inspection; however, the record is devoid of any evidence as to Hartford's duties or obligations to Wilmans under its insurance coverage.

Bice did not introduce into evidence Wilmans's comprehensive general liability insurance policy issued by Hartford. As a result, the contractual basis for Hartford's responsibility to Bice is not a part of the record. We have held that we will not review evidence unless it is presented to a trial court and it is properly in the record. *Evans* v. *State,* 271 Ark. 775, 610 S.W.2d 577 (1981).

The only evidence pertaining to the scope of Hartford's contractual obligation was provided by Wilmans's insurance agent (a general agent), who gave a brief, general description of a comprehensive general liability policy. Both parties expand this information in their briefs to conform to their arguments; however, the record cannot be contradicted or supplemented by statements made in the briefs. *Bridger* v. *State,* 264 Ark. 789, 575 S.W.2d 155 (1979). As a result, the insurance agent's meager statements as to expectations under a comprehensive general liability insurance policy is the only evidence before us to serve as a basis for determining Hartford's liability. Suffice it to say, we cannot consider a breach of duty when there is no evidence before us that a duty exists, contractually or otherwise.

Bice also offered into evidence seven Hartford publications which referred to its loss control services; the publications dealt

with loss control services available upon request to its policy holders. Bice offered the publications into evidence in order to show the extent of the obligation undertaken by Hartford in regard to a loss control inspection performed by Hartford on October 3, 1980. However, the trial court denied their admission because Bice could not establish their relevance due to the absence of a connection between the availability of loss control services from Hartford and either a request for, or reliance upon, this service by Wilmans.

██ Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. A.R.E. Rule 401. In this case, Bice offered the publications into evidence for the purpose of showing the scope of the duty undertaken by Hartford when it performed a loss control inspection prior to Wilmans's renewal of its comprehensive general liability policy. However, Bice had not established a connection between the availability of the service to Wilmans and the action undertaken by Hartford. More to the point, Bice's proffer of this evidence presupposed that Hartford owed him a duty of care, a crucial issue which Bice had not demonstrated at that point in his case. As a result, the proffered publications were properly not admitted into evidence.

After having given the evidence most favorable to Bice its highest probative value, we find that the trial court properly granted Hartford's motion for directed verdict.

Affirmed.