Michael Montez PORCHIA *v.* STATE of Arkansas

CR 91-63                                    815 S.W.2d 926

Supreme Court of Arkansas
Opinion delivered September 23, 1991
[Rehearing denied October 28, 1991.]

*Thomas J. O'Hern*, for appellant.

*Winston Bryant*, Att'y Gen., *Catherine Templeton*, Ass't Att'y Gen., for appellee.

STEELE HAYS, Justice. On the evening of April 26, 1990, Art's Liquor Store on Asher Avenue, Little Rock, was robbed. Two clerks were murdered. Appellant, Michael Porchia, was one of five persons charged with capital murder and aggravated robbery. Appellant moved to sever his trial from the co-defendants and the motion was granted. Appellant also moved to suppress a custodial statement. Following an omnibus hearing the motion to suppress was denied and the state waived the death penalty.

Appellant was tried by a jury on December 4, 1990, and convicted of aggravated robbery, theft of property and two counts of second degree murder. The court found appellant to be a habitual offender and the jury then sentenced appellant to twenty-five years on each count of second degree murder, forty-five years for the aggravated robbery and seventeen years for the theft of property.

Appellant now brings this appeal, making two arguments for reversal: first, that the trial court erred in denying his motion to suppress the custodial statement in which he implicated himself and his co-defendants, and, second, in refusing to instruct on a lesser included offense.

I

At the suppression hearing, appellant testified he did not make the statement to police, that he could not have given any statement voluntarily or knowingly due to heavy drinking prior to the time he spoke with the police, nor did he waive his *Miranda* rights. On appeal appellant argues that under the facts in his case, the trial court erred in denying suppression. There is no merit to appellant's contention.

■■ Custodial statements are presumed to be involuntary and the state has the burden of proving otherwise. This court makes an independent review of the totality of the circumstances and will reverse only if the trial court's finding is clearly against the preponderance of the evidence. *Shaw* v. *State*, 299 Ark. 474, 733 S.W.2d 827 (1989). The credibility of the witnesses who testify to the circumstances surrounding the defendant's custodial statement is for the trial court to determine. *Smith* v. *State*, 286 Ark. 247, 691 S.W.2d 154 (1985).

■ The factors to consider for both the voluntariness of the waiver and the statement are essentially the same. They include: age, education and intelligence of the accused, length of detention, repeated or prolonged questioning, the use of mental or physical punishment and the advice or lack of advice of constitutional rights. *Shaw* v. *State, supra.*

■ This case resembles *McDougald* v. *State*, 295 Ark. 276, 748 S.W.2d 340 (1988), where the appellant had also claimed he did not voluntarily or knowingly waive his rights as he was under the influence of drugs and alcohol at the time. We cited previous cases where we have stated that the fact that a defendant may have been under the influence of drugs or alcohol at the time of his statement will not of itself invalidate his confession, but will only go to the weight accorded it. And, whether an accused had sufficient capacity to waive his constitutional rights or was too incapacitated due to drugs or alcohol to make an intelligent waiver has remained a question of fact to be resolved by the trial court. *See McDougald* v. *State, supra.*

The essence of appellant's proof, which included the testimony of a girlfriend and uncle of the appellant, was that appellant had consumed large quantities of alcohol and had smoked marijuana on the day he surrendered to police. Appellant's witnesses testified to his drinking that day and further stated that his speech was affected, he smelled of alcohol and needed help to stand up. Appellant testified he was intoxicated at the time he surrendered himself to police, that he was threatened with the death penalty by officers and that he never gave a statement to the police. He also denied being told he had a right to have an attorney present and denied the initials on the rights waiver form were his.

The state presented evidence from Detective Vince Mayer and Sergeant Carl Beadle. Both testified that appellant was advised of his Miranda rights, that he waived them and made a statement incriminating himself. Both stated that appellant did not smell of alcohol or otherwise exhibit signs of intoxication. Mayer testified that neither he nor Sergeant Beadle offered any promises or inducements to obtain a statement, nor did they coerce or threaten appellant in any way. He further stated that appellant signed the statement three times in his presence, and that in his opinion appellant made the statement voluntarily. Beadle testified that in his opinion, appellant understood his rights.

Appellant told the officers he was seventeen years old, had attended school through the eleventh grade, and had a G.E.D. The officers testified that they did not see any sign that appellant had been drinking when he was advised of his rights and chose to give his statement.

■ The basic points of any contention in this case are matters of credibility which are left to the trial court. We cannot say under the totality of the circumstances that the findings were against the preponderance of the evidence.

## II

As his second point for reversal appellant argues the trial court erred in refusing to instruct the jury on a lesser included offense. Appellant contends the jury was instructed on capital felony murder, first degree felony murder and second degree murder as well as aggravated robbery, theft of property and accomplice liability. Appellant also requested two instructions on manslaughter based on Ark. Code Ann. §§ 5-10-104(a)(3) and (4) (1987), but the court refused and appellant maintains this was error.

■ We decline to reach this question on the basis of Ark. Sup. Ct. R. 9. While appellant did abstract the two instructions he requested, none of the other instructions given were abstracted, and we have no way of knowing from the abstract what instructions were actually given. Obviously, when addressing a lesser included offense argument by appellant we must have the other instructions before us in order to make a proper review of

the trial court's action.

It is fundamental that the record on appeal is confined to that which is abstracted. *Harris v. State*, 303 Ark. 233, 795 S.W.2d 55 (1990). A failure to abstract a critical document precludes the court from considering issues concerning it. *Hudson v. State*, 303 Ark. 637, 799 S.W.2d 529 (1991). Nor can the record be contradicted or supplemented by statements made in the briefs. *Bice v. Hartford Acc. & Indem. Co.*, 300 Ark. 122, 777 S.W.2d 213 (1989); *Bridger v. State*, 264 Ark. 789, 575 S.W.2d 155 (1979).

Affirmed.