Teresa McCLENDON *v.* STATE of Arkansas

CR 93-1160                                                875 S.W.2d 55

Supreme Court of Arkansas
Opinion delivered April 25, 1994

690

*Joe Kelly Hardin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Teresa McClendon was charged with the capital murder of Bennie Young, and she was tried, convicted and sentenced to life imprisonment without the possibility of parole in the Arkansas Department of Correction. The two following points of error are raised on appeal: (1) the trial court erred in not suppressing the custodial statement of the appellant, and (2) it also erred by refusing to exclude jurors who had participated in the voir dire examination of a co-defendant who was tried and convicted a week prior to McClendon's trial. We affirm.

McClendon and co-defendants, Tyrone Williams and Patricia Young, were charged with murdering Bennie Young, McClendon's father, on November 25, 1992. Williams was McClendon's boyfriend and Patricia Young was McClendon's mother and the wife of the victim. On November 26, 1992, McClendon was interviewed by video tape and confessed to her father's murder. According to McClendon's custodial statement, Williams, her mother and McClendon planned to kill Bennie Young by suffocating him with a pillow after he fell asleep. After Bennie Young fell asleep on a couch, McClendon held his feet while Williams attempted to suffocate him. During an ensuing struggle, Williams repeatedly stabbed Mr. Young with a knife, and McClendon joined in stabbing her father by using a pair of scissors. After the murder, Patricia Young took McClendon and Williams to a Super 8 Motel located on Scott Hamilton Drive in Little Rock.

Dr. William Sturner, the medical examiner for the State of Arkansas, testified that Bennie Young died as a result of multiple stab wounds. A knife, a pair of scissors, t-shirt, bra, and shorts were found in a dumpster behind the Super 8 Motel where McClendon and Williams had stayed. Traces of human blood were found on the t-shirt, bra and shorts.

On appeal, McClendon principally contends that her confession was involuntary because she was intoxicated. She submits the impact of her intoxication combined with the following factors made her confession involuntary: (1) she was a young woman; (2) several police officers were present; and, (3) she was informed that her co-defendants had already told the police what had occurred.

■■ The state has the burden of proving by a preponderance of the evidence that a custodial confession or inculpatory statement was given voluntarily or was knowingly and intelligently made. And while this court makes an independent determination based on the totality of the circumstances, a trial court will not be reversed unless its determination is clearly erroneous. *Midgett* v. *State*, 316 Ark. 553, 873 S.W.2d 165 (1994). Whether an accused had sufficient mental capacity to waive his constitutional rights, or was too incapacitated due to drugs or alcohol to make an intelligent waiver is a question of fact for the trial court to resolve. *Id.* The fact that an appellant might have been intoxicated at the time of his statement, alone, will not invalidate that statement, but will only go to the weight accorded it. *Id.*

■ According to McClendon's own testimony, she was interviewed by the police shortly before 9:00 p.m. on November 26, 1993 — the day after Bennie Young's murder. McClendon also testified that she had been drinking alcohol all morning, but had consumed her last drink at about 12.30 p.m. In *Midgett*, we affirmed a trial court's determinations that two hours was a "reasonable time in which [the police] could have expected [Midgett] to have sobered" and that Midgett understood his rights and gave his statement voluntarily and spontaneously. *Id.* Here, the evidence shows that at least nine hours elapsed between the time McClendon had her last drink and the time she was interviewed. Even though McClendon claims that she does not "handle alcohol well," it cannot be said that the trial court clearly erred in finding that McClendon was not intoxicated when she gave her confession.

■ As previously mentioned, McClendon also claims that she was intimidated by the presence of three police officers at her interrogation, that her youth contributed to the element of coercion and that the officers made false statements which induced

her to testify. First, we point out that McClendon was twenty-two years old and an adult at the time of her interrogation. Even so, we have held that defendants as young as sixteen years of age may voluntarily and knowingly waive their *Miranda* rights. *See Johnson* v. *State*, 307 Ark. 525, 823 S.W.2d 440 (1992); *Porchia* v. *State*, 306 Ark. 443, 815 S.W.2d 926 (1991). We cannot say the trial court was wrong in ruling McClendon's age did not impact her confession so as to make it involuntary. Furthermore, McClendon's account of the officers' statements that they induced her to testify differs from the account given by the officers. All three officers denied having told McClendon that she would be charged with capital murder regardless of what she said. This issue is simply a matter of credibility and was within the trial court's discretion to decide. *Everett* v. *State*, 316 Ark. 213, 871 S.W.2d 568 (1994). And finally, while McClendon claims the three officers' presence at her interview somehow made her confession involuntary, we must disagree. Absent some proof of coercion, the mere presence of the three officers here cannot be said to have rendered McClendon's confession involuntary. *See Moore* v. *State*, 299 Ark. 532, 773 S.W.2d 834 (1989) (where three officers heard the defendant's confession).

McClendon's second argument is that her case was prejudiced by the court's denial of her motion to exclude all jurors from the venire for her trial who had participated in the voir dire of Tyrone Williams's earlier trial. The trial court denied the motion "because [McClendon] ha[s] strikes and strikes for cause." The trial judge indicated that he would be very cautious and do his best in "excluding anyone who may have in any way been tainted by anything they've seen or heard, whether that be by media or street talk or past proceedings." The judge also noted that all jurors and alternate jurors who had actually sat for the Williams trial had already been excused. McClendon now claims that the court's denial of her motion violated Ark. Code Ann. § 16-33-304(b)(2)(B)(iv) (1987), which provides:

> (b) It may be general, that the juror is disqualified in serving in any case, or particularly, that he is disqualified from serving in the case on trial.

* * *

(2) Particular causes of challenge are actual and implied bias.

\* \* \*

(B) A challenge for implied bias may be taken in the case of the juror:

(iv) Having served on a trial jury which had tried another person for the offense charged in the indictment.

■ The plain language of the foregoing statutory provision permits persons accused of a crime the right to exclude all jurors who have served as jurors in the trial of a co-defendant. McClendon makes no such contention here, since the persons who actually served on the Williams jury were in no way allowed to participate in the McClendon trial. McClendon cites no authority to support her proposition that a defendant's right under § 16-33-304(b)(2)(8)(iv) should be extended to exclude potential jurors who had not actually served as a juror in a prior trial involving the same offense. We do not consider arguments unsupported by convincing authority, unless it is apparent without further research that they are well taken. *Cox* v. *State*, 305 Ark. 244, 808 S.W.2d 306 (1991); *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

Pursuant to Ark. Sup. Ct. R. 4-3(h), the record has been reviewed and no other errors appear which were prejudicial to the appellant.

Based on the foregoing, the trial court's decision should be affirmed.