

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–328

| | | |
|---|---|---|
| | | **Opinion Delivered** February 19, 2014 |
| LUKE SPENCER | | APPEAL FROM THE FAULKNER |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. CR–11–615] |
| V. | | |
| | | HONORABLE CHARLES E. |
| | | CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## ROBIN F. WYNNE, Judge

Luke Spencer appeals from his convictions on charges of kidnapping, aggravated residential burglary, aggravated robbery, and theft of property. He argues on appeal that the trial court erred by denying his motion to suppress a pretrial identification of him made by one of the victims. We affirm.

Prior to trial, appellant filed a pro se motion to suppress evidence. Among the evidence he sought to suppress was a pretrial identification of him as the perpetrator by one of the victims, which he claimed was obtained in violation of his right to due process. His trial counsel later adopted the motion, and the argument regarding the identification was presented to the trial court. At the suppression hearing, Robert Rodgers testified that he and his pregnant girlfriend were in their home on May 17, 2011, when two men came into the home and demanded money. Mr. Rodgers testified that the individuals' faces were not

SLIP OPINION

covered, and he identified appellant as one of the men. Mr. Rodgers stated that the lights were on in the home at the time. Appellant hit Mr. Rodgers in the head with a gun while Mr. Rodgers was on his stomach on the floor. After Mr. Rodgers had divulged the location of cash in the home, his hands were tied and he was led to his vehicle. According to Mr. Rodgers, appellant placed him in the front passenger seat and got in the driver's seat. Then the police arrived, and appellant led them on a chase. Mr. Rodgers testified that his vehicle was small; he estimated he was about twelve inches from appellant while in the car. The vehicle struck something and was disabled. Appellant fled from the vehicle. Mr. Rodgers and his girlfriend were then taken to a hospital.

Police advised Mr. Rodgers twenty to thirty minutes later at the hospital that they had a suspect in custody and took him back to the location of his disabled vehicle to make an identification. While en route, Mr. Rodgers described the perpetrator who had driven his vehicle as looking like hip-hop artist Jay-Z. Mr. Rodgers positively identified appellant. Appellant was in handcuffs when Mr. Rodgers identified him. Mr. Rodgers testified that he was 100 percent sure that appellant was one of the perpetrators because he was looking at appellant throughout the incident and would not have forgotten his face. Mr. Rodgers testified that he did not remember telling police about the clothes the perpetrator was wearing, but stated that if the police report reflected that he said the man was wearing a black shirt with a white shirt underneath, dark pants, and dark shoes, he would not dispute that.

Patrolman Tim Woods with the Conway Police Department testified that he was the primary officer involved in the pursuit of the suspects. When he arrived at the scene, Officer

2

Woods saw a male running away who was wearing a black shirt with a white shirt underneath and black jeans. He testified that Mr. Rodgers told him that the suspect looked like Jay-Z and was wearing a dark shirt and dark pants. According to Officer Woods, Mr. Rodgers immediately identified appellant as one of the perpetrators. When Mr. Rodgers identified appellant, appellant was wearing a white shirt and shorts.

Following the hearing, the trial court entered an order denying appellant's motion to suppress the pretrial identification. At trial, Mr. Rodgers positively identified appellant as being one of the men who had come into his home. The jury returned guilty verdicts on charges of kidnapping, aggravated residential burglary, aggravated robbery, and theft of property. The trial court sentenced appellant to 480 months' imprisonment. This appeal followed.

Appellant argues on appeal that the trial court erred by denying his motion to suppress a pretrial identification of him by one of the victims. Appellant's argument is not preserved for appeal. Although he challenged the pretrial identification in his motion to suppress, he did not challenge Mr. Rodgers's in-court identification of him, nor did he argue that the in-court identification was tainted by the pretrial identification. Our supreme court has held that the failure to object to a subsequent in-court identification bars review of a challenge to a pretrial identification. *Goins v. State*, 318 Ark. 689, 890 S.W.2d 602 (1995). Appellant argues in his brief that the pretrial identification bolstered the in-court identification; however, this argument was not raised below, and cannot be considered on appeal. *See Hinkston v. State*, 340 Ark. 530, 10 S.W.3d 906 (2000) (stating that arguments not raised below will not be

3

SLIP OPINION

addressed for the first time on appeal).

Even if appellant's challenge were preserved, it would fail. In *Bradley v. State*, 2009 Ark. App. 714, 370 S.W.3d 263, this court laid out the test for pretrial identification as follows:

> A pretrial identification violates the Due Process Clause when there are suggestive elements that make it all but inevitable that the victim will identify one person as the culprit. In determining whether an in-court identification is admissible, the court looks first at whether the pretrial identification procedure was unnecessarily suggestive or is otherwise constitutionally suspect, and it is the appellant's burden to show that the pretrial identification is suspect. Reliability is the linchpin in determining the admissibility of identification testimony. Even when an identification procedure is impermissibly suggestive, the trial court may determine that, under the totality of the circumstances, the identification was sufficiently reliable for the matter to be submitted to the fact finder, and then it is for the fact finder to decide the weight the identification testimony should be given. In determining reliability, the following factors are considered: (1) the prior opportunity of the witness to observe the alleged act; (2) the accuracy of the prior description of the accused; (3) any identification of another person prior to the pretrial identification procedure; (4) the level of certainty demonstrated at the confrontation; (5) the failure of the witness to identify the defendant on a prior occasion; and (6) the lapse of time between the alleged act and the pretrial identification procedure. We do not reverse a trial court's ruling on the admissibility of identification evidence unless it is clearly erroneous, and we do not inject ourselves into the process of determining reliability unless there is a very substantial likelihood of irreparable misidentification.

2009 Ark. App. 714, at 13–14, 370 S.W.3d at 271–72 (internal citations omitted).

It is true that appellant was the only potential suspect present when he was identified and he was in handcuffs at the time. However, even assuming that the identification procedure was unduly suggestive, the identification was sufficiently reliable under the totality of the circumstances. Mr. Rodgers was present for the entire incident, he testified that appellant never left his sight, that the lights were on in the apartment, and that he was in very close proximity to appellant while in the vehicle. Although there was some discrepancy

between Rodgers's description of the perpetrator's clothes and what appellant was wearing at the time he was apprehended, Mr. Rodgers's description of appellant's face and physical attributes was not challenged by appellant. Mr. Rodgers never identified anyone else as a potential suspect prior to his identification of appellant. Mr. Rodgers testified that he was 100 percent sure that appellant was the right person, and Officer Woods testified that Mr. Rodgers had identified appellant at the scene without hesitation. Mr. Rodgers had never previously failed to identify appellant, and the identification took place within thirty minutes of the incident.

Affirmed.

PITTMAN and BROWN, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.