No. 96-1996

Minnie Pryor,

        Appellant,

    v.

Larry Norris, Director,
Arkansas Department of
Correction,

        Appellee.

\* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Eastern District of Arkansas.

Submitted: November 20, 1996

Filed: January 9, 1997

Before MAGILL and MORRIS SHEPPARD ARNOLD, Circuit Judges, and LONGSTAFF,[1] District Judge.

MAGILL, Circuit Judge.

Minnie Pryor brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994), arguing that her trial counsel was ineffective. The district court[2] denied her petition, holding that counsel's alleged ineffectiveness had not prejudiced Pryor. We affirm.

---

[1]The HONORABLE RONALD E. LONGSTAFF, United States District Judge for the Southern District of Iowa, sitting by designation.

[2]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, presiding by agreement of the parties pursuant to 28 U.S.C. § 636(c) (1994).

**I.**

On April 20, 1992, Minnie Pryor was convicted by a jury in Arkansas state court on two counts of delivering cocaine. Pryor was sentenced as an habitual offender to consecutive terms of imprisonment totalling 55 years. Evidence at trial indicated that on November 22 and 23, 1991, Pryor had sold crack cocaine to Sammy White, who was working with the police as a confidential informant. White wore a body microphone during the drug transactions, and the tapes of the transactions with Pryor were played to the jury during her trial. Pryor's conviction was subsequently affirmed on direct appeal. See Pryor v. State, 861 S.W.2d 544 (Ark. 1993).

Pryor complains of four acts of alleged ineffective assistance of counsel at trial and on direct appeal. First, Pryor alleges that her trial counsel improperly failed to make a timely objection to the chain of custody of the crack cocaine allegedly purchased from Pryor. A quantity of crack cocaine allegedly sold by Pryor to White consisting of "approximately three [rocks] and some crumbs," Trial Tr. at 173, reprinted in I Appellee's App. at 233 (testimony of Kim Brown, Arkansas State Crime Laboratory chemist), was introduced as evidence at trial.[3] After the evidence was introduced and the state had rested, trial counsel objected because the police officer who actually delivered the crack cocaine to the state crime laboratory had not testified regarding the chain of

---

[3]During Ms. Brown's cross-examination, defense counsel noted that police officers and the evidence submission form indicated that six rocks of crack cocaine had been recovered. See Trial Tr. at 174, reprinted in I Appellee's App. at 234. When asked about this apparent disparity, Ms. Brown testified that:

> Well, different people look at that and say there are a different numbers of rocks. Some people count each little piece of a crumb as a piece of the off-white substance but I just count the bigger ones as a piece.

Id. (testimony of Kim Brown).

custody.  The trial court overruled the objection.  On appeal, the Arkansas Supreme Court held that the issue had not been preserved for appeal because the objection was made after the evidence had been admitted.  See Pryor, 861 S.W.2d at 546.

Second, Pryor complains that her trial counsel rendered ineffective assistance by failing to request a mistrial immediately following allegedly improper and prejudicial testimony from White.  When asked by the state why Pryor would sell crack cocaine to him, White testified that his sister had purchased crack cocaine from Pryor and that his sister had given her children's clothes and Christmas presents to Pryor in exchange for drugs.  See id. at 546-47 (quoting trial testimony).  Defense counsel objected to this question and answer, and the trial court admonished the jury not to consider White's response.  Id.  After the state rested, defense counsel moved for a mistrial because of the allegedly prejudicial testimony.  The motion was overruled, and on appeal the Arkansas Supreme Court held that the issue had been waived because the motion for mistrial was not made at the first opportunity.  Id. at 547.

Third, Pryor argues that her trial counsel rendered ineffective assistance by opening the door to prejudicial remarks made by prosecuting counsel during closing arguments.  Pryor faced a range of punishment for each count of delivering cocaine of 20 years to life imprisonment and a $50,000 fine.  During defense counsel's closing arguments, counsel urged the jury to give Pryor the minimum sentence of 20 years imprisonment, noting that Pryor was 42 years old, and that "[i]n 20 years she will be 62 years old.  Sixty years from now she'll be 102 years old."  Id. (quoting defense counsel).  In response, the prosecutor tried to rebut this argument by referring to parole, stating that "[i]f she gets 60 years and stays clean, she'll be back in 20.  Let's not play any games about it.  You give her 20 years, she'll be back in 5 to 10."  Id. (quoting prosecuting counsel).

Upon defense counsel's request, the trial court admonished the jury not to consider the prosecution's remarks but denied a mistrial. Pryor was ultimately assessed a $25,000 fine and sentenced to concurrent terms of 20 years and 35 years imprisonment. On appeal, the Arkansas Supreme Court held that, while the prosecutor's remarks were improper, defense counsel had "opened the door and invited a response to his absolute statement that Pryor would be in prison for all of the time assessed." Id. at 547-48.

Finally, Pryor argues that her counsel rendered ineffective assistance on appeal by not challenging the introduction of a transcript, rather than the original tapes, of the drug transactions between Pryor and White. At trial, the state introduced transcripts of the November 22 and 23 transactions between Pryor and White. Although the tapes themselves were not introduced as evidence, they were played for the jury. Defense counsel objected to the introduction of the transcripts, but was overruled. Counsel elected not to pursue this issue on appeal.

Pryor raised these four issues in a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37 in the Cross County, Arkansas Circuit Court. The court denied relief on May 17, 1994, concluding that Pryor had suffered no prejudice from any of the alleged acts of ineffective assistance. In an unpublished opinion, the Arkansas Supreme Court affirmed. See Pryor v. State, No. CR 94-860 (Ark. May 1, 1995) (per curiam). Pryor then brought this federal habeas petition, which was denied by the district court. This appeal followed.

## II.

Pryor's claim of ineffective assistance of counsel "presents a mixed question of law and fact; we review the district court's factual findings for clear error and its legal conclusions de

-4-

novo." Dodd v. Nix, 48 F.3d 1071, 1073 (8th Cir. 1995).  We shall defer to a state court's finding of fact if fairly supported by the record.  See 28 U.S.C. § 2254(d) (1994).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court described a two-part formula for determining if trial counsel rendered constitutionally-ineffective assistance:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable.  Unless a defendant makes both showings, it cannot be said that the conviction or the [sentence] resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687.  We need not reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness.  See id. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

The Strickland Court explained that "actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."  Id. at 693. It is not sufficient, however, "for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.  Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding."  Id. (citation omitted). Instead, "[t]he defendant must show that there is a reasonable probability

-5-

that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

We conclude, as the district court and the Arkansas state courts have held, that Pryor has failed to demonstrate any reasonable probability that the outcome of the trial or appeal would have been different but for any of her attorney's alleged errors. By failing to object immediately to the admission of the crack cocaine, Pryor's trial counsel failed to force the prosecution to carry its burden of proving the chain-of-custody of the crack cocaine. There is no reason to believe, however, that the prosecution would have failed to meet this burden if counsel had made a timely objection. Indeed, in considering this claim, the Arkansas Supreme Court held that:

> In denying [Pryor's petition for post-conviction relief], the trial judge found that the objection would not have been sustained even if it had been made at the correct time. As the court stated in the appellant's case on direct appeal, "It is not necessary that the state eliminate every possibility of tampering; instead the trial court must be satisfied that in all reasonable probability, the evidence has not been tampered with." Pryor v. State, [861 S.W.2d at 546]. Since the trial judge would not have sustained the objection even had it been made at a timely manner, the appellant is unable to show that his counsel's failure to object at the time the cocaine was introduced had an adverse effect on the outcome of the trial.

Pryor, No. CR 94-860, slip op. at 3. We find this analysis compelling, and we agree that Pryor has failed to show any prejudice on this point.

Pryor has also failed to carry her burden of showing that she was prejudiced by her counsel's failure to request immediately a mistrial when White made statements about his sister giving her

children's clothing and presents to Pryor in exchange for drugs.  The trial court admonished the jury not to consider White's remarks.  This kind of corrective action is usually effective in curing any possible prejudice. See Goins v. State, 890 S.W.2d 602, 608 (Ark. 1995) ("[A] cautionary instruction to the jury can make harmless any prejudice that might occur.").  In light of this corrective action, and because mistrials are extraordinary remedies under Arkansas law, see id. ("A mistrial is a drastic remedy and proper only when the error is beyond repair and cannot be corrected by any curative relief."), we agree with the Arkansas Supreme Court that there was no basis for a mistrial.  See Pryor, No. CR 94-860, slip op. at 4.  Because there was no basis for a mistrial, Pryor was not prejudiced when her attorney failed to make a timely motion for one.

We also hold that Pryor has failed to show prejudice arising from her counsel's argument for leniency, which opened the door to prosecution comments regarding parole.  Initially, we note that, as a strategy, arguing for leniency may well have worked: Pryor, who could have received two life sentences, received a minimum 20-year sentence on one count and a 35-year sentence on the second count.  Furthermore, the district court admonished the jury not to consider the prosecutor's improper remarks,[4] a corrective action which is usually effective.  See Goins, 890 S.W.2d at 608.  Pryor has failed to demonstrate that she was prejudiced by her counsel's argument for leniency.

---

[4]Although at the time of Pryor's trial it was improper for a prosecutor to comment on the effect of parole on a sentence, see Pryor, 861 S.W.2d at 547 ("There is no question but that comments on parole by the State are to be avoided . . . ."), Arkansas law now permits such comments.  See Ark. Code Ann. § 16-97-103 (Michie Supp. 1995) ("Evidence relevant to sentencing by either the court or a jury may include . . . [t]he law applicable to parole, meritorious good time, or transfer . . . .").

Finally, Pryor did not suffer any prejudice from her counsel's failure to appeal the admission of the transcript of the tapes of Pryor's drug transactions rather than the tapes themselves.  Police transcripts of recorded statements, if accurate, are admissible in Arkansas courts.  See Childress v. State, 907 S.W.2d 718, 721 (Ark. 1995).  The determination of accuracy is left to the discretion of the trial court and will not be disturbed on appeal by the Arkansas appellate courts absent abuse of discretion.  Id. at 721-22.  In this case, the trial court, as well as the jury, listened to the actual tapes, and a police officer testified to their accuracy.  With the accuracy of the transcripts thus supported, we cannot say that the trial court so abused its discretion in admitting the transcripts that there was any reasonable probability that an appeal of this issue would have been successful and that the result of the appeal would thereby have been different.  Because it would have made no difference if Pryor's appellate counsel had included this issue on appeal, Pryor has failed to demonstrate constitutionally ineffective assistance of appellate counsel.  See Strickland, 466 U.S. at 694 (constitutional standard for ineffective assistance of counsel).[5]

There is nothing in the record to support Pryor's allegations that her counsel's supposed missteps prejudiced the outcome of her

---

[5]Indeed, Pryor's counsel may well have served her better by limiting the number of issues on appeal to those most likely to succeed, rather than clouding meritorious points on appeal with a host of frivolous arguments.  As we have noted:

> Law is an art, not a science, and many questions that attorneys must decide are questions of judgment and degree.  Among the most difficult are decisions as to what issues to press on appeal.  Lawyers have often been told that it is not good strategy to argue on appeal every conceivable point contained in a record.

Simmons v. Lockhart, 915 F.2d 372, 375 (8th Cir. 1990).

trial or direct appeal.  Accordingly, we affirm the judgment of the district court denying Pryor's petition for habeas relief.[6]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[6]Pryor also argues that the cumulative effect of her trial counsel's alleged errors resulted in prejudice.  We have held, however, that "cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own." Girtman v. Lockhart, 942 F.2d 468, 475 (8th Cir. 1991) (quotations and citation omitted).

Finally, Pryor argues that her trial counsel had a conflict of interest, because he had previously represented White, a witness for the state.  Pryor did not present this argument to the district court and we will not consider it for the first time on appeal. See Williams v. Lockhart, 849 F.2d 1134, 1139 (8th Cir. 1988).