# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1972

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Virginia Pena-Saiz, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  October 20, 1998
Filed:   December 8, 1998

_____

Before  BOWMAN, Chief Judge,  BRIGHT  and  RICHARD S. ARNOLD, Circuit
Judges.

_____

BRIGHT, Circuit Judge.


The United States appeals the district court's grant of Virginia Pena-Saiz' motion to suppress evidence that was obtained in a pat-down search during an investigatory stop.  The government asserts that Pena-Saiz consented to the search.  The district court rejected that contention.  We agree and affirm.

# I. BACKGROUND

On June 13, 1997, after deplaning from a flight from El Paso, Texas, Virginia Pena-Saiz was stopped by three narcotics officers at Omaha's Eppley Airfield. During the twenty-one minute encounter, which began in the baggage claim area and concluded in the airport's drug interdiction office, the officers questioned Pena-Saiz, reviewed her driver's license and plane ticket, searched her duffel bag, found within the bag a wrapped gift, and asked to take the gift to the interdiction office so that the officers could open it and review its contents. Pena-Saiz followed the officers to the interdiction office, traveling to the escalator, which was 200 feet from the baggage claim area, upstairs, behind a pair of doors, and down a hallway. During the trip to, and within, the interdiction office and, in fact, throughout the entire encounter, the officers never informed Pena-Saiz either that she was free to leave or that she did not have to answer their questions.

The officers neither found any drugs in Pena-Saiz' bag and gift, nor observed any odd bulges in Pena-Saiz' clothing. Nonetheless, the officers persisted. They twice asked Pena-Saiz for her consent to a pat-down search. When she did not accede, the officers told her "This is our job. This is what we do. We talk to people, we search people's bags, we pat search people. This is what we do everyday." R. at 32. Upon Pena-Saiz' third refusal, the officers allegedly told Pena-Saiz that she was under arrest. Believing that she had no choice, Pena-Saiz told the officers to "do what you have to do." Id. One of the officers proceeded with the pat-down search and discovered on Pena-Saiz' breast area an elastic bandage covering a bundle of white powder, which later tested positive for cocaine. Pena-Saiz was arrested and charged with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Pena-Saiz successfully moved for suppression of the drug evidence. The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, found that, by the time that the officers finished searching Pena-Saiz' gift,

the encounter had become an investigatory stop that required any further searches to be supported either by Pena-Saiz' consent or by reasonable articulable suspicion. The district court found that Pena-Saiz had not given her consent. Additionally, the court found that the officers had no reasonable articulable suspicion to continue pressing Pena-Saiz for a pat-down search because their earlier questioning and searches had not uncovered any drugs or contraband. The United States appeals, arguing that the entire encounter, including the pat-down search, was consensual.

## II. DISCUSSION

In assessing the validity of the encounter and pat-down search, we review the historical facts for clear error and the ultimate legal conclusions de novo. United States v. Hathcock, 103 F.3d 714, 718 (8th Cir.), cert. denied, 117 S. Ct. 2528 (1997). Thus, we review for clear error the district court's findings on the issue of consent. Id. By contrast, we review de novo the issues of whether a seizure occurred and whether reasonable articulable suspicion exists to justify a search. Id.

We begin by evaluating the issue of seizure. A seizure occurs when, in the totality of the circumstances surrounding the encounter, a reasonable person would believe that she is not free to leave. United States v. Thompkins, 998 F.2d 629 (8th Cir. 1993). Seizing luggage without asking consent, or in spite of a suspect's refusal to consent, or compelling a suspect to go to an interdiction room constitutes a show of authority and creates a reasonable belief that the suspect is not free to leave. See, e.g., Florida v. Royer, 460 U.S. 491, 501 (1983) (finding that an encounter became an arrest when the police asked the suspect to go to an interdiction room while retaining his ticket and identification); United States v. Dixon, 51 F.3d 1376, 1380 (8th Cir. 1995) (holding that a consensual encounter became a seizure when police informed the suspect that he and his duffel bag would be detained until a police dog arrived to sniff the bag); United States v. Green, 52 F.3d 194, 197-98 (8th Cir. 1995) (concluding that a consensual encounter became a seizure when, despite the suspect's refusal to consent

to a bag search, the police informed the suspect that his bag would be detained until a police dog arrived). Here, by the time the parties arrived in the interdiction room, the seizure of Pena-Saiz had occurred. Although, according to her testimony, Pena-Saiz had given permission only to x-ray the contents of her gift, the officers took the gift to the interdiction room for unwrapping and rewrapping. Pena-Saiz had no choice but to follow the officers to the room a significant distance away. Once inside the interdiction room, Pena-Saiz felt "very intimidated," as the officers did nothing to assure Pena-Saiz that she was free to leave or to refuse to respond to their questions, and instead essentially told her that the officers had a right to conduct the pat-down search because it was their daily duty. Under the totality of those circumstances, a reasonable person would have believed that she was not free to leave. For this reason, we determine that Pena-Saiz was subject to a seizure protected by the Fourth Amendment.

We turn to the constitutionality of the pat-down search. To come within the bounds of a permissible Fourth Amendment search, the officers in this case needed either reasonable articulable suspicion or Pena-Saiz' consent. United States v. Green, 52 F.3d 194, 197-98 (8th Cir. 1995). The government does not claim any reasonable articulable suspicion as a basis for the search; nonetheless, we determine that the officers possessed no such basis. Reasonable articulable suspicion must be more than a hunch. Terry v. Ohio, 392 U.S. 1, 27 (1968). In this case, the officers' searches and questioning had turned up nothing. There were no strange bulges in Pena-Saiz' clothing or anything to indicate that she was engaged in drug activity. Thus, the officers possessed no reasonable articulable suspicion to continue harassing Pena-Saiz for consent to a pat-down search.

We turn to the alleged consent. The voluntariness of consent raises a fact question, to be determined from the totality of the circumstances, and subject to review for clear error. Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973); Hathcock, 103 F.3d at 720. Consent is not voluntary when it is the product of duress or coercion, either express or implied. Schneckloth, 412 U.S. at 227. The record shows that Pena-

Saiz believed that she was under arrest and that she had to submit to the pat-down search. The officers did nothing to allay her fears but, rather, told her the opposite, informing Pena-Saiz that "This is what we do. We talk to people, we search people's bags, we pat search people. This is what we do everyday." R. at 32. The officers persisted in their requests, and did not tell Pena-Saiz that she was free to leave. Thus, the record supports the district court's finding that, under the totality of the circumstances, Pena-Saiz did not voluntarily consent to the pat-down search, and that the search resulted from an unlawful investigatory stop. See Green, 52 F.3d at 197-98.

## III. CONCLUSION

Having determined that the officers violated the Fourth Amendment rights of appellee Pena-Saiz with respect to the pat-down search, we affirm the district court's grant of Pena-Saiz' motion to suppress the evidence unlawfully seized.

A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-