# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2903

_____

| | | |
|---|---|---|
| John C. Burns, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| James Anthony Gammon, Jeremiah | * | District of Missouri. |
| (Jay) Nixon, Attorney General, | * | |
| Missouri, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  April 11, 2001

Filed:  August 14, 2001

_____

Before BYE, and BEAM, Circuit Judges, and MELLOY,[1] District Judge.

_____

BEAM, Circuit Judge.

Missouri prisoner John Burns appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  Because we find Burns can show cause and prejudice sufficient to raise the procedural bar to one of his ineffective assistance of trial counsel claims, and because we find such claim to be meritorious, we reverse

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

in part and direct that a writ of habeas corpus be issued, subject to conditions outlined later in this opinion.

## I.    BACKGROUND

In 1987 Burns was convicted in a Missouri state court of attempted forcible rape, armed criminal action, and first-degree assault. This is Burns' second appeal to this court following the district court's denial of his habeas petition. In the first appeal, we remanded to the district court for an initial determination of whether Burns could show that he was prejudiced,[2] in the context of procedural bar analysis, by deficient assistance of trial counsel. Burns v. Gammon, 173 F.3d 1089, 1097 (8th Cir. 1999) (Burns I).

Burns I clearly limited the district court on remand to consideration of the following issues: 1) whether Burns could establish prejudice to overcome the procedural bar on the ineffective assistance of trial counsel claims; 2) if the procedural bar was overcome, whether Burns' ineffective assistance of counsel claims were sufficiently developed on the trial record to permit consideration on direct appeal; and 3) if these first two conditions were satisfied, whether Burns had meritorious ineffective assistance of counsel claims under Strickland v. Washington, 466 U.S. 668 (1984).

---

[2]We found that Burns had adequate cause for the procedural default–that Burns' direct appeal counsel had a conflict in bringing ineffective assistance claims in the direct appeal because he was employed by the same public defender's office as trial counsel. Burns v. Gammon, 173 F.3d 1089, 1094 (8th Cir. 1999). We noted that when Burns was convicted in 1987, the new Missouri Supreme Court Rule 29.15 had not yet gone into effect, and ineffective assistance of trial counsel claims at that time could be raised on direct appeal as long as the appellate court could have resolved the claims on the record from the trial court. Id. Thus, the absence of conflict-free counsel on direct appeal violated Burns' Sixth Amendment right to counsel and provided cause for the procedural default. Id.

Upon remand, the district court found that Burns could not establish prejudice for purposes of procedural default because there existed an available postconviction procedure in which he could have raised his ineffective assistance of counsel claims. The district court reasoned that because claims of ineffective assistance of counsel were routinely brought in postconviction proceedings in Missouri, rather than on direct appeal, the failure of counsel to bring these claims on direct appeal "did not preclude resort to postconviction proceedings to raise the issue."

Nonetheless, the district court went on to analyze the remaining two issues of the Burns I mandate and found that one of the ineffective assistance of counsel claims–that trial counsel was ineffective for failing to lodge a *sufficient* objection to the prosecutor's closing argument that Burns had humiliated the victim by requiring her to testify and be cross-examined at trial–was sufficiently developed on the trial record and has merit. The court found that the remaining allegations of ineffective assistance of counsel are either groundless or require further development of the record in a postconviction proceeding, and therefore are not adjudicable based on the record on direct appeal.

We agree with the district court's analysis of the second and third issues of the Burns I mandate. Specifically, we agree with the district court that this one claim is meritorious, and the remaining ineffective assistance of counsel claims alleged in the habeas petition are either without merit, or were not sufficiently developed on the trial record and are therefore procedurally barred. See 8th Cir. Rule 47B. However, we hold that Burns can establish prejudice to overcome the procedural bar on the meritorious claim.

## II. DISCUSSION

The district court found that since Burns could have raised his ineffective assistance claims in a postconviction proceeding (in addition to the direct appeal), he was not prejudiced by counsel's failure to bring the claims on direct appeal. However,

-3-

the district court confuses the prejudice needed to show ineffective assistance of direct appeal counsel with the prejudice Burns must establish to overcome the procedural bar with regard to *trial* counsel's errors. While it is true that the conflicted direct appeal counsel served as *cause* for the procedural default, we do not look to direct appeal counsel's conduct to determine *prejudice* for the procedural default. To establish prejudice sufficient to excuse a procedural default, Burns must show that the ineffective assistance of *trial* counsel worked to his actual and substantial disadvantage, and infected his entire trial with constitutional error. Carroll v. Schriro, 243 F.3d 1097, 1102 (8th Cir. 2001).

Thus, for purposes of the prejudice analysis which we remanded for consideration, the existence of the postconviction procedure is irrelevant. Instead, we look to whether trial counsel's conduct–failing to lodge a proper objection to the prosecutor's argument implicating Burns' constitutional rights to a jury trial and to confront witnesses–worked to Burns' actual and substantial disadvantage and infected his entire trial with constitutional error. We find that it did.

As we noted in Burns I, Burns had no prior convictions, and therefore it fell to the jury to fix punishment. The prosecutor asked the jury, while considering guilt and sentencing, to consider the fact that Burns, by exercising his constitutional right to a jury trial and to confront witnesses, forced the victim to attend trial, take the stand and relive the attack. Counsel failed to lodge a sufficient constitutional objection to this argument. The Sixth Amendment right to confront witnesses is a fundamental right made obligatory on the states by the Fourteenth Amendment, Pointer v. Texas, 380 U.S. 400, 403 (1965), as is the right to a jury trial in serious criminal cases, Duncan v. Louisiana, 391 U.S. 145, 155-56 (1968). The prosecution cannot use the defendant's exercise of specific fundamental constitutional guarantees against him at trial. See, e.g., Griffin v. California, 380 U.S. 609, 615 (1965) (prosecution prohibited from using defendant's exercise of constitutional right to remain silent against defendant in case-in-chief). Cf. Darden v. Wainwright, 477 U.S. 168, 182 (1986) (prosecutorial misconduct

may be grounds for habeas relief when it "implicate[s] . . . specific rights of the accused").  But cf. Portuondo v. Agard, 120 S. Ct. 1119, 1125-27 (2000) (prosecutor's closing argument that defendant had opportunity to hear other witnesses testify and tailor his testimony accordingly did not unlawfully burden his right to be present at trial, to confront witnesses against him, or to testify on his own behalf, because prosecutor's comments were directed at defendant's status as witness whose credibility was subject to attack).

Clearly the jury's unfettered receipt of this argument worked to Burns' actual and substantial disadvantage.  As the argument was made in rebuttal, Burns' attorney was unable to respond before the jury retired for deliberation.  Cf. Antwine v. Delo, 54 F.3d 1357, 1363 (8th Cir. 1995) (court should examine what defense counsel did to minimize prejudice from prosecutor's closing argument to determine if trial infected with constitutional error).  Given the lack of a sufficient objection, the trial court issued no cautionary instruction leaving the jury free to consider this highly improper factor in determining guilt and fixing sentencing.  Cf. United States v. Wadlington, 233 F.3d 1067, 1080 (8th Cir. 2000) (defendant not prejudiced by prosecutorial misconduct during trial where district court gave appropriate cautionary instructions).  Had counsel objected and prompted a curative instruction from the trial court,  the court could have given an appropriate cautionary instruction to the jury.

Counsel's failure to lodge this objection thus prejudiced Burns and infected his entire trial with constitutional error.  Cf. Darden, 477 U.S. at 182 (prosecutorial misconduct during closing argument may infect trial with constitutional error when it "implicate[s] . . . specific rights of the accused").  The first requirement of our Burns I mandate is therefore met, as Burns can establish prejudice sufficient to overcome the procedural default of this claim.

As stated above, with regard to the remaining two issues– the adequacy of the trial record and the merits of this claim under Strickland–we agree with the district

court that Burns is entitled to relief. As the district court noted, the trial record "is abundantly clear that trial counsel failed to make a constitutional argument predicated on the prosecutor's invitation to the jury that it punish [Burns] for invoking his constitutional rights." While many ineffective assistance of counsel claims need further development of the record that can only occur in a postconviction hearing to determine the reasoning behind counsel's actions, this claim is not one of those. No sound trial strategy could include failing to make a constitutional objection to a prosecutor's improper comment concerning Burns' rights to a jury trial and to confront witnesses. Cf. Combs v. Coyle, 205 F.3d 269, 286 (6th Cir.), cert. denied, 121 S. Ct. 623 (2000) (there was "no possible strategic reason" for counsel's failure to object to prosecutor's closing argument use of defendant's pre-arrest silence); Freeman v. Class, 95 F.3d 639, 644 (8th Cir. 1996) (no "reasonable tactical basis" not to object to prosecutor's comments on defendant's post-arrest silence). Thus, the second requirement from Burns I is also satisfied.

Furthermore, Burns has a meritorious ineffective assistance of counsel claim under Strickland. In order to establish ineffective assistance of counsel, Burns must show both deficient performance and that this deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. To show deficient performance, Burns must show that counsel made such serious errors as to not be functioning as "counsel" as guaranteed by the Sixth Amendment. Id. To establish prejudice, Burns must show that counsel's errors were so serious as to deprive him of a fair trial with a reliable result. Id. To do this, Burns must establish that the result of the proceeding would have been different without counsel's unprofessional errors. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997). In performing the Strickland analysis, we are again required to examine the underlying error. Boysiewick v. Schriro, 179 F.3d 616, 620 (8th Cir. 1999).

Our previous discussion in the procedural bar prejudice analysis demonstrates that the underlying error–the prosecutor's closing argument derogating Burns'

constitutional right to a jury trial and to confront witnesses–worked to Burns' actual and substantial prejudice, infecting his entire trial with constitutional error. Thus, the prosecutor's argument here "was constitutionally defective such that any reasonable counsel would have objected under the circumstances." Combs, 205 F.3d at 279. Defense counsel's performance was deficient because counsel's inaction allowed, and in fact, invited the jury to punish Burns for exercising his constitutional rights. There was no reasonable tactical basis for failing to make a constitutional objection to this argument. Id. at 286. In not making the constitutional objection, Burns' counsel was not functioning as "counsel" as guaranteed by the Sixth Amendment, Strickland, 466 U.S. at 687, and Burns can establish deficient performance.

Burns can also establish prejudice, both at trial and later on appeal. At trial, the failure of trial counsel to elicit a cautionary instruction from the judge allowed the jury to consider counsel's argument without riposte. A cautionary instruction would have lessened, if not eliminated, the prejudice to Burns. See, e.g., United States v. Emmert, 9 F.3d 699, 701-02 (8th Cir. 1993) (defendant not prejudiced by improper prosecutorial comment on witness veracity during closing argument where district court gave appropriate cautionary instructions).

Further, trial counsel's failure to make a constitutional argument concerning the prosecutor's remarks started a chain reaction of burdensome review by the Missouri appellate courts and this court. Combs, 205 F.3d at 286. Because trial counsel did not make the constitutional objection, the Missouri Court of Appeals and this court reviewed the prosecutorial misconduct claim only for plain error to determine whether the comments had "a decisive effect" on the outcome of the trial. State v. Burns, 759 S.W.2d 288, 294 (Mo. Ct. App. 1988); Burns I, 173 F.3d at 1096. Plain error review is much more onerous for both the direct appeal defendant and the habeas corpus petitioner than is review for a defendant or petitioner pursuing a properly preserved prosecutorial misconduct claim. See Roe v. Delo, 160 F.3d 416, 419 (8th Cir. 1998) (courts recognize "more rigorous" plain error standard is appropriate where federal

constitutional error has not been properly preserved).  Counsel's performance thus prejudiced Burns at trial, on direct appeal, and on collateral review.  But for counsel's unprofessional errors, the result of either the trial or the later appeals would likely have been different, and Burns can therefore establish that counsel's deficient performance prejudiced his defense.  <u>Pryor</u>, 103 F.3d at 713.

## III.  CONCLUSION

In sum, we hold that the district court correctly adjudicated all but one of Burns' ineffective assistance of counsel claims.  We further hold that for this one claim, Burns can establish prejudice for the purpose of overcoming the procedural bar, the claim is sufficiently developed on the limited trial record, and finally, that it is meritorious under <u>Strickland</u>.  Accordingly, we affirm in part, reverse in part and remand the judgment of the district court with directions to issue a writ of habeas corpus, unless the State of Missouri retries Burns within ninety days of this order or within such further time as the district court may find reasonable.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-