Robert CAMPBELL, Petitioner,

v.

UNITED STATES of America
Respondent.

No. CIV. 01–73211, CR. 95–81192.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 6, 2003.

Dennis J. Clark, Plunkett & Cooney, Detroit, MI, Robert Campbell, Cumberland, MD, pro se.

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [656] [1]

TARNOW, District Judge.

Petitioner Robert Campbell filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on August 20, 2001. The Magistrate Judge filed a Report and Recommendation (R & R) on January 25, 2002, recommending that this Court deny Petitioner's motion. Petitioner filed Objections to the R & R on February 7, 2002.

A district court reviews a Magistrate Judge's R & R *de novo* when objections are made. *See* Fed.R.Civ.P. 72(b). The reviewing court may "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.*

---

1. Law Clerk Amy Harwell provided quality research assistance.

After *de novo* review, the Court finds that most of Plaintiff's objections are without merit. However, the Court disagrees with the Magistrate Judge's finding that there was no prosecutorial misconduct. The disagreement, though, has no impact on the outcome of Mr. Campbell's motion, because the Court agrees with the Magistrate Judge's ultimate disposition of the prosecutorial misconduct claim. Therefore, the Court ADOPTS the result of each recommendation in the R & R, but REJECTS that portion of the R & R that states the prosecutor's statements did not rise to prosecutorial misconduct.

On direct appeal before the Sixth Circuit, Mr. Campbell raised several issues, including prosecutorial misconduct. The panel, in a two to one decision, denied his appeal on all grounds. Judge Clay dissented in part because he believed the prosecutor committed misconduct, which rose to the level of plain error. *United States v. Campbell,* 234 F.3d 1270, 2000 WL 1597858, *8 (6th Cir. 2000) (unpublished table disposition) ("Having determined that the prosecutorial statements were improper, I believe that the comments were sufficiently flagrant as to warrant reversal under the plain error doctrine."). Judge Clay was particularly troubled that the prosecutor improperly vouched for the co-conspirators' testimony. *Id.* at *7 ("Without question, the prosecutor improperly vouched by placing the prestige of the trial court behind the witnesses.").

This Court shares Judge Clay's concerns regarding the prosecutor's conduct. The case was an exceptionally close one, as evidenced by two prior hung juries, and the testimony of Mr. Campbell's co-conspirators was the main evidence linking him to the crime. In his closing statement, in order to bolster the co-conspirators' testimony, the prosecutor argued:

There are judges overseeing this process too. These people, Orlando Bayless, Carol Bayless, Larry Anderson, Christopher Owens will be sentenced by federal judges. They are the ones who make the final call about whether these people have earned a downward departure from their sentencing guideline ranges. Are the judges going to be fooled by this testimony . . .

Judge Tarnow will tell you in his explanation of how the sentence guidelines work that the ultimate decision on what sentence a person like Larry Anderson gets or Carol Bayless gets is made by a judge, an independent judge, not me, not anybody with the executive branch of government, and independent judge, and you have to ask yourself is a judge somehow going to be fooled into giving somebody a downward departure for testifying falsely against an innocent person? There's another check and balance in the process to make sure the whole process has integrity.

(Trial Trans., Vol IV, pg 37–39). This entire line of argument was highly improper. In *United States v. Carroll,* 26 F.3d 1380, 1389 (6th Cir.1994), the court stated:

In the present case, the prosecutor blatantly implied that the Patrick's plea agreements ensured that the witnesses were truthful; the prosecutor did not give the jury any inkling that the government has no independent means of discerning truthfulness. Further, the prosecutor placed the prestige of the government, and even of the court, behind the credibility of the Patricks, by stating that, if the government or the judge did not believe that the witnesses were being truthful, the witnesses would be in jeopardy. This implied to the jury that the government and the court were satisfied that the witnesses were truthful. This constitutes improper vouching.

Because Petitioner's counsel did not object to these prosecutor's statements at the time of the argument,[2] the issue before the Sixth Circuit on direct appeal was whether there was prosecutorial misconduct, and if so, whether the misconduct rose to the level of plain error. Here, on collateral review, the issue is whether Petitioner's counsel was ineffective for failing to object to the prosecutorial misconduct. To demonstrate ineffective assistance of counsel, the Petitioner must show that: (1) counsel's performance undermined the proper functioning of the adversarial process (deficiency); and (2) and "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt" (prejudice). *Strickland v. Washington*, 466 U.S. 668, 687, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

█ There is no question that counsel's failure to object subjected Mr. Campbell to a "*much more onerous*" standard of review on appeal. *See Burns v. Gammon*, 260 F.3d 892, 898 (8th Cir.2001) ("Plain error review is much more onerous for both the direct appeal defendant the *habeas corpus* petitioner than is review for a defendant or petitioner pursuing a properly preserved prosecutorial misconduct claim."); *United States v. Chavez*, 193 F.3d 375, 379 (5 Cir.1999) ("counsel's failure to object certainly diminished Chavez's possibility of reversal on direct appeal."). The failure to object, then, could rise to ineffective assistance of counsel. *See Burns*, 260 F.3d at 898 (finding ineffective assistance of counsel because counsel's failure to object to prosecutorial misconduct constituted a de-

ficient performance which prejudiced his client because the result at trial or on appeal likely would have been different).

█ However, the Magistrate Judge asserts that since a majority of the Sixth Circuit panel found there was no prosecutorial misconduct, Petitioner cannot demonstrate prejudice. The Magistrate Judge acknowledges that the majority's finding was under the plain error standard of review, but he states that "it is clear from the language used by the court that it found no error, plain or otherwise." (R & R at 18).

This Court agrees with the Magistrate Judge on this point. After a careful reading of the majority's opinion, it appears they did not find prosecutorial misconduct under any standard of review. They state, "the prosecutor's remarks were isolated and were made in the context of responding to the defendant's suggestion that the witnesses were required to incriminate Robert in order to get the prosecutor to ask for a sentence reduction." *Campbell*, 234 F.3d 1270, 2000 WL 1597858 at *3. On the other hand, the Sixth Circuit did not expressly state that the finding would have been the same under a less onerous standard of review. *Id.* at *4 ("[t]he error, if any, was not plain."). Thus, this Court leaves it to the Sixth Circuit to determine whether the Court is correctly interpreting the majority's opinion or reading too much into what the majority said. The Court simply notes that in the absence of a pronouncement from the Sixth Circuit on this case, it would have found prosecutorial misconduct for the reasons stated above

---

2. Actually, although not noted by the appellate court, defense counsel did object to the prosecutor's argument (Trial Trans., Vol IV, pg 38). The trial judge overruled the objection at that point, but ruled defense counsel could raise his objection after the prosecutor finished his closing statement, outside the presence of the jury (Id.). There is nothing in the record to indicate that defense counsel raised the objection later. On direct review, the Sixth Circuit did not address what effect this objection had on the standard of review to be applied to Petitioner's case.

and the additional reasons noted in Judge Clay's dissent. Instead, since it appears that the Sixth Circuit decided this issue adversely to Mr. Campbell, the Court reluctantly denies Petitioner's motion on this ground.

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation [656] is REJECTED IN PART only as to the reasoning that there was no prosecutorial misconduct. As to all other issues, including the resolution of the prosecutorial misconduct ground, the Report and Recommendation is ADOPTED IN PART. Therefore, Mr. Campbell's § 2255 motion [616] is DENIED.