15-2227-pr
Gillespie v. Uhler

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of June, two thousand sixteen.

Present:       ROSEMARY S. POOLER,
               DEBRA ANN LIVINGSTON,
               SUSAN L. CARNEY,
                       *Circuit Judges*.

_____

JAMES GILLESPIE,

                       *Petitioner-Appellant*,

               v.                                          15-2227-pr

SUPERINTENDENT D. UHLER,

                       *Respondent-Appellee.*

_____

Appearing for Appellant:      Shireen A. Barday, Kirkland & Ellis LLP (Andrew Genser, Megan Byrne, *on the brief*), New York, NY.

Appearing for Appellee:       Johnnette G. A. Traill, Assistant District Attorney (John M. Castellano, *on the brief*), *for* Richard A. Brown, District Attorney for Queens County, NY.

Appeal from the United States District Court for Eastern District of New York (Cogan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Petitioner-appellant James Gillespie, who seeks to vacate his state court conviction for first degree rape, first degree criminal sexual act, and third degree robbery, appeals from the June 15, 2015 judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) denying his petition pursuant to 28 U.S.C. § 2254 for habeas corpus relief. Gillespie contends that the district court erred in concluding that the New York State Appellate Division's denial of his claim of ineffective assistance of counsel amounted to an "unreasonable application of[] clearly established federal law" as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See* 28 U.S.C. § 2254(d)(1). Although the district court denied Gillespie's petition, it observed that "objective unreasonableness is likely present, and [the] case did not present the 'overwhelming' evidence of guilt that characterizes many cases in which habeas relief is unavailable despite the likelihood that error was committed at trial." App'x at 257. Therefore, the district court concluded that "the issue of prejudice is one as to which petitioner has made a substantial showing of the possible denial of a constitutional right" warranting a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). App'x at 257. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner whose claim has been adjudicated on the merits in state court may obtain habeas corpus relief only by showing that the state court's denial of his or her claim was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Accordingly, we may "reverse a state court ruling only where it was 'so lacking in justification that there was . . . [no] possibility for fairminded disagreement.'" *Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Under *Strickland*, a defendant's counsel is constitutionally ineffective if (1) counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) prejudice resulted such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Gillespie argues his counsel was ineffective for making two affirmative misstatements in his closing statement. First, counsel stated to the jury that vaginal lacerations had been found on the victim despite the fact that he had elicited testimony on cross-examination of the prosecution's medical expert that there was no evidence of any lacerations. Second, counsel misstated the time stamp that appeared on surveillance footage recorded by a bagel store at which Gillespie was present the evening of the incident, stating, incorrectly, that the footage showed Gillespie leaving the store at 11:44 PM, and not 11:46 PM, as it actually showed. Gillespie contends that these statements were both material and damaging. The defense's case turned on the credibility of Gillespie's testimony that the sexual encounter between Gillespie and the complainant was consensual. Thus, Gillespie argues that defense counsel's suggestion that there were vaginal lacerations undermined this defense. Because complainant testified that she

2

placed a call to 911 during the attack, and the police record of this call was time stamped at 11:46 PM, Gillespie argues defense counsel's misstatement regarding the time stamp on the surveillance footage supported the prosecutor's timeline: that Gillespie had time to exit the store, forcibly grab the complainant, and sexually assault her.

Respondent-appellee Superintendent D. Uhler concedes that defense counsel's misstatements fell below an objective standard of reasonableness. We agree that both misstatements were material and arguably inculpatory, but we need not ultimately determine the question of objective unreasonableness as we cannot say that the Appellate Division was unreasonable when it found that the defense counsel's misstatements were not sufficiently prejudicial under *Strickland*. The jury heard testimony from the prosecution's medical expert that there were no vaginal lacerations as well as testimony that the surveillance footage showed Gillespie leaving the bagel store at 11:46 PM. Although the manager of the bagel store testified that the surveillance system had not been serviced in several years and the time stamp on the footage could be off by one to two minutes, we agree with the district court that the jury was not under any obligation to credit the accuracy of the time stamp, and could well have concluded that the time stamp must have been off by more than one or two minutes. Further, the jury was specifically instructed that defense counsel's closing argument was not evidence and could not be considered in reaching a verdict, and the jury is presumed to have followed that instruction appropriately. *See United States v. Batista*, 684 F.3d 333, 342 (2d Cir. 2012). "In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112. Thus, we cannot conclude that the Appellate Division's decision that these statements were not sufficiently prejudicial was "error . . . beyond any possibility for fairminded disagreement." *Id.* at 103.

Gillespie next argues that his counsel's failure to object during the prosecutor's summation deprived him of effective assistance of counsel under *Strickland*. Among other things, Gillespie argues that his counsel failed to object when the prosecutor stated that the complainant was "forced to come into court . . . and face[] the man who attacked her, face [the jury], 16 strangers, a room full of people who she's never seen or met before and describe[] the most horrifying, embarrassing, invasive story that she's been asked to tell in her short life." App'x at 233. Gillespie alleges this statement inappropriately invoked Gillespie's Sixth Amendment right "to be confronted with the witnesses against him." U.S. Const., amend VI. In support of this argument, Gillespie largely relies on *Burns v. Gammon*, 260 F.3d 892 (8th Cir. 2001). But the facts in *Burns* are significantly different than those in this case. In *Burns*, the prosecutor specifically "asked the jury, while considering guilt and sentencing, to consider the fact that [the defendant], by exercising his constitutional right to a jury trial and to confront witnesses, forced the victim to attend trial, take the stand and relive the attack." *Burns*, 260 F.3d at 896. In this case, it is clear from the full context of the prosecutor's summation that the prosecutor was not saying that Gillespie "forced" the complainant to testify, but rather that the fact that the complainant testified supported the likelihood that her testimony was credible. We cannot conclude that it was unreasonable for the Appellate Division to hold that there was no "substantial" likelihood that had Gillespie's counsel objected during the prosecutor's summation Gillespie would not have been convicted.

3

Although the district court noted that the prosecution's case was not "overwhelming," AEDPA does not permit us to grant habeas relief unless we can conclude that "no fairminded jurist" could agree with the Appellate Division's decision that defense counsel's misstatements and failure to object were not sufficiently prejudicial under *Strickland*. We conclude that Gillespie failed to make that showing. Therefore, his claim that his attorney failed to provide him with constitutionally effective representation provides no basis for granting a writ of habeas corpus.

We have reviewed Gillespie's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk